IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[2] Hector Ruiz-Del Rosario<br>Defendant. | CRIMINAL NO. 21-067 (ADC) |

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2021.11.10
15:39:23 -04'00'
Adobe Acrobat
version:
2017.011.30204

## PLEA AND FORFEITURE AGREEMENT
### (Pursuant to Fed. R. Crim. P. Rule 11(c)(1)(B))

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **[2] HECTOR RUIZ-DEL ROSARIO**, and Defendant's counsel, Jorge Gerena-Mendez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty



Defendant agrees to plead guilty to **Count One** of the Indictment in criminal case no. 21-067 (ADC), which charges as follows:

Beginning on a date unknown, but until and including February 23, 2021, on the high seas, elsewhere and within the jurisdiction of this Court, [2] Hector Ruiz-Del Rosario and other co-defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury to commit an offense defined in Title 46, United States

Code, Section 70503, to wit: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

## 2. Stipulated Amount of Narcotics

For purposes of this plea agreement, as to Count One, the parties stipulate that Defendant [2] **Hector Ruiz-Del Rosario** possessed with intent to distribute at least 50, but less than 150, kilograms of cocaine. The defendant understands the Court is not required to accept the parties' stipulation regarding the applicable drug weight.

## 3. Maximum Penalties

Count One: The maximum statutory penalties for the offense charged in Count One of the Indictment, is a term of imprisonment which shall not be less than ten (10) years and up to life, a fine not to exceed ten million dollars ($10,000,000), and a term of supervised release of at least five (5) years, pursuant to 21 U.S.C. § 960(b)(1)(B).



## 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 7. Sentence to be Determined by the Court



Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 46 U.S.C. §§ 70503(a)(1), and 70506(b) | |
| --- | --- |
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(3) (At least 50 Kg but less than 150 Kg of cocaine) | 34 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | 31 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| --- | --- | --- | --- | --- | --- |
| 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |



## 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of one hundred twenty months (120) regardless of the criminal history category. The parties acknowledge that one hundred twenty months (120) is the minimum mandatory sentence applicable, as such, no party can recommend a sentence below that mandatory minimum sentence unless the defendant qualifies for relief under a separate provision of law.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 120 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeitures, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures



The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Jorge Gerena-Mendez, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.



b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.



## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



## 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 24. Forfeiture Provision



Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, pursuant to 46 U.S.C. § 70507.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement

of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea and Forfeiture Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.



Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any

agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____

Fur Máx J. Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: ___10/28/2021___

_____

Vanessa E. Bonhomme
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: ___10/27/2021___

_____

Jorge L. Matos
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: ___10/26/2021___



_____

Jorge Gereña-Mendez, Esq.
Counsel for Defendant
Dated: November 7, 2021

_____

Hector Ruiz-Del Rosario
Defendant
Dated: 17-07 2021

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 11-07-2021

_____
Hector Ruiz-Del Rosario
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 11-07-2021

_____
Jorge Gerena-Mendez
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the Defendant [2] Hector Ruiz-Del Rosario, admits that he is guilty as charged in Count One of the Indictment, and admits the following:

On February 23, 2021 while on routine patrol, a Customs and Border Protection (CBP) DHC-8 Maritime Patrol Aircraft detected a target of interest (hereinafter TARGET VESSEL), described as a go-fast vessel (GFV) with a center console, heading south and operating near the Saba Bank area in the Caribbean Netherlands. The CBP DH-8, after refueling, reacquired the TARGET VESSEL in the vicinity of a Venezuelan-flagged fishing vessel approximately 65NM South of St. Croix, United States Virgin Islands (USVI). Another CBP Maritime Patrol Aircraft (TROY-58) relieved the CBP DHC-8 and witnessed a suspected drug transfer between the TARGET VESSEL and fishing vessel, then tracked the TARGET VESSEL as it transited northbound at approximately 25kts.

The United States Coast Guard (USCG) Sector San Juan diverted the USCG Cutter RICHARD DIXON for law enforcement operations. USCGC RICHARD DIXON arrived on scene and launched its small interceptor vessel with a boarding team for intercept. The Cutter turned on the blue lights, and the CBP TROY-58 aircraft went overt. Shortly thereafter, the TARGET VESSEL tried to flee, and the Cutter pursued the TARGET VESSEL.

Subsequently, the TARGET VESSEL became compliant, and the pursuit ended approximately 21NM SE of St. Croix. The Cutter's small interceptor vessel

approached the TARGET VESSEL, noting no name or nationality displayed on the TARGET VESSEL. The interceptor boarding team conducted a basic initial safety sweep and located suspected contraband and three (3) persons on board. One of the vessel's occupants was Defendant [2] Hector Ruiz-Del Rosario. The vessel operator made a verbal claim of Sint Maarten (Dutch) registry for the vessel.

Coast Guard members contacted the Government of the Netherlands to attempt to verify the claim of registry, but the Government of the Netherlands in Curacao could neither confirm nor deny registry for the TARGET VESSEL. The USCG personnel accordingly treated the vessel as one without nationality and enforced U.S. law, pursuant to the provisions of 46 U.S.C. §§ 70502(c)(1)(A) and (d)(1)(C). The boarding team conducted narcotics identification kit field tests on the suspected contraband, which tested positive for cocaine. The contraband was determined to have an approximate weight of 299 kilograms. Afterwards, due to the increasing sea state, the vessel took on water and sank. Given the positive field test results from the recovered contraband, the USCG personnel authorized to treat the TARGET VESSEL's occupants as detainees.

For the purpose of this Plea Agreement, Defendant **[2] Hector Ruiz-Del Rosario** agrees that on or about February 23, 2021, on the high seas, elsewhere and within the jurisdiction of this Court, he and persons known and unknown to the Grand Jury did knowingly and intentionally aid and abet each other to possess with intent to distribute at least 50, but less than 150, kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant [2] Hector Ruiz-Del Rosario's guilt.

At trial, the United States would have proven beyond a reasonable doubt that Defendant [2] Hector Ruiz-Del Rosario is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

Jorge L. Matos
Assistant U.S. Attorney
Dated: 10/26/2021

Jorge Gerena-Mendez, Esq.
Counsel for Defendant
Dated: 11/07/2021

Hector Ruiz-Del Rosario
Defendant
Dated: 11-07-2021